UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMYRON LASHUN ROBINSON,

    Movant,

                                                    Case No. 1:16-CV-648

v.

                                                  HON. PAUL L. MALONEY

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION**

Before the Court is Movant Demyron Lashun Robinson's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (ECF No. 1). The Government has filed a response (ECF No. 6), to which Movant filed a reply (ECF No. 13) and a motion to supplement his reply (ECF No. 14). Movant has also filed a motion to appoint counsel (ECF No. 2). For the reasons that follow, the motion to supplement will granted, but the other motions will be denied.

**I.**

In 2013, Movant pleaded guilty to possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B)(iii). (Plea Agreement, *United States v. Robinson*, No. 1:13-cr-35 (W.D. Mich.), ECF No. 19.) On September 12, 2013, the Court sentenced him to a term of 188 months in prison followed by 4 years of supervised release. Movant's range of sentence under the Sentencing Guidelines (188 to 235 months) was enhanced by the career-offender provision in § 4B1.1 of the Guidelines because he had at least two prior convictions for a controlled substance offense or a crime of violence. He did not appeal his sentence.

In his motion under § 2255, Movant asserts that he does not qualify as a career offender under the Guidelines because his 2005 conviction in state court for a controlled substance offense[1] is based upon falsified police reports that led to his arrest and guilty plea. In the supplement to his reply, Movant claims that he received ineffective assistance of counsel in his state-court post-conviction proceedings because his counsel neglected to investigate the circumstances of the falsified police reports. In addition, in his motion to appoint counsel, Movant claims that his sentence is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## II.

Respondent asserts that Movant's claims are meritless and/or barred by the statute of limitations. The Court agrees.

### A. *Johnson* claim

In *Johnson*, the Supreme Court held that a clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. This case is not helpful for Movant because he was not sentenced under the ACCA. Movant was found to be a career offender under the Sentencing Guidelines, but the vagueness analysis in *Johnson* does not apply to the advisory Sentencing Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Thus, this claim is meritless.

### B. Ineffective Assistance of Counsel

Movant argues that he received ineffective assistance of counsel during his post-conviction proceedings, when he was challenging his 2005 conviction in state court. This claim is meritless

---

[1] In 2005, Movant pleaded guilty in Berrien County Circuit Court to possession with intent to deliver less than 50 grams of cocaine, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iv).

because a criminal defendant generally has no right to counsel beyond his first appeal.[2] *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991). Because Movant had no right to counsel in his collateral proceedings in state court, he cannot claim that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment. *Id.* at 752.

**C. Falsified Police Reports**

Movant's claim that his sentence is invalid because his prior conviction is based on falsified police reports is barred by the statute of limitations.

The applicable limitation period runs from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, as in most cases, the one-year statute of limitations ran from the date on which the judgment of conviction became final. Where, as here, a defendant does not file an appeal, the judgment becomes final "upon the expiration of the period in which the defendant could have appealed to the court of appeals[.]" *Sanchez–Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). When Movant was sentenced, he had fourteen days to file an appeal. Fed. R. App. P.

---

[2]There is an exception, which does not apply here, to claims about ineffective assistance of *trial* counsel that cannot be meaningfully raised on direct appeal. *West v. Carpenter*, 790 F.3d 693, 698 (6th Cir. 2015).

3

4(b)(1)(A). Consequently, his judgment of conviction and sentence became final on September 26, 2013. Movant had one year from that date to file his motion. He filed on May 31, 2016, long after the limitations period expired.

Movant suggests that his claim is governed by § 2255(f)(4) because it is based upon "newly discovered" evidence that the police reports in his state case were falsified. (Motion under § 2255, ECF No. 1, PageID.4.) Specifically, Movant refers to the fact that one of the officers involved in his arrest, Andrew Collins, admitted to planting drugs on suspects and falsifying reports that they possessed them. But this claim does not rely upon newly-discovered facts. Movant's attorney was aware of this issue and discussed it with the Court at Movant's sentencing hearing. (Sent. Tr. 8, 11-13, *United States v. Robinson*, No. 1:13-cr-35 (W.D. Mich.), ECF No. 42.) Movant's attorney asked to delay the sentencing in order to give Movant time to challenge his prior conviction in state court, but the Court denied that request. (*Id.* at 13-17.) The Court noted that, even if the police reports were false, Movant pleaded guilty to his offense under oath in state court. Movant offers no new facts supporting this claim that could not have been discovered until a later date.

In his motion to supplement, Movant offers affidavits from himself, his girlfriend, and his mother, in an attempt to show that Collins falsified the police reports in Movant's 2005 case. Movant's girlfriend claims that she met with Collins on April 16, 2016, and that he admitted to her that he falsified the police reports in Movant's case. (ECF No. 14-1.) In his own affidavit, Movant purportedly recounts the testimony of Collins at a civil trial in 2012, in which Collins admitted to the falsification of police reports, and explained that the county prosecutor did not question them. (ECF No. 14-2.) In her affidavit, Movant's mother quotes testimony by Collins that he falsified police reports, and she claims that Collins did the same thing in Movant's case. (ECF No. 14-3.)

4

Importantly, Movant does not claim, let alone show, that any of the relevant facts in these affidavits could not have been discovered until less than a year before he filed his motion under § 2255. Thus, § 2255(f)(4) does not apply.

The one-year statute of limitations in § 2255(f) is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011). "[A] habeas petitioner is entitled to equitable tolling only if the petitioner shows that (1) 'he has been pursuing his rights diligently,' and (2) that 'some extraordinary circumstance stood in his way and prevented timely filing.'" *Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012) (quoting *Hall*, 662 F.3d at 749). Movant has not offered any reason to support equitable tolling. He does not explain the reason for the delay in filing his claim.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

Here, Movant does not assert that he is actually innocent of the crime for which he was convicted by this Court, i.e., possession with intent to distribute more than 28 grams of cocaine base.

Instead, Movant asserts that he is actually innocent of his conviction in state court. However, even if that is the case, this is not the proper forum for challenging the validity of that conviction. *See Daniels v. United States*, 532 U.S. 374, 382 (2001) (holding that a motion under § 2255 generally may not be used to collaterally attack a prior conviction in state court). As far as this Court is concerned, Movant's prior conviction is valid. *See id.* ("[I]f, by the time of sentencing . . . a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence."); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403 (2001) ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.")).

In *Lackawanna*, the Supreme Court recognized an exception to the foregoing rule when a petitioner claims that the underlying conviction was obtained in the absence of counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna*, 532 U.S. at 403-04. However, Movant does not claim that he lacked counsel for his 2005 conviction.

"A three-justice plurality of the Court . . . [also] speculated that there might be other exceptions to this rule, in situations where the subsequent federal habeas petition is 'the first and only forum available for review of the prior conviction.'" *Abdus–Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005) (quoting *Lackawanna*, 532 U.S. at 405-06). The two exceptions suggested by the plurality were: "(1) where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented; and (2) where a defendant subsequently obtains 'compelling evidence that he is actually innocent.'" *Id.* (quoting *Lackawanna*, 532 U.S. at 405). In Movant's

6

case, this is not the first and only forum for review of his claim. Movant filed a motion for relief from judgment in state court challenging his 2005 conviction based on the falsified police reports. His motion was denied by the trial court, and that decision was affirmed on appeal by the Michigan Court of Appeals and the Michigan Supreme Court. *See People v. Robinson*, 876 N.W.2d 531 (Mich. 2016) (Mem.); *People v. Robinson*, No. 322731, 2015 WL 7687105 (Mich. Ct. App. Nov. 24, 2015). According to the court of appeals:

> Collins's misconduct does not *necessarily* pertain to the specific conviction from which defendant seeks relief. The evidence shows that Collins enumerated which of the cases with which he had been involved were good and which were bad, and that he was "[a] hundred percent confident" in that enumeration. . . . [I]n the absence of any evidence that Collins committed misconduct pertaining to defendant's particular arrest in this matter, and indeed evidence tending to suggest that he did not; we cannot conclude that any defect in these proceedings rendered *this* guilty plea involuntary.

*Robinson*, 2015 WL 7687105, at *2.

To the extent Movant relies upon the newly-acquired affidavits from his mother and girlfriend, those affidavits are not compelling evidence of his innocence. Given their relationship to Movant, the credibility of his mother and girlfriend are suspect. *See Freeman v. Trombley*, 483 F. App'x 51, 60 (6th Cir. 2012) (discounting the credibility of affidavits from the petitioner's girlfriend). Furthermore, as the Court noted at the sentencing in this case, Movant pleaded guilty to the controlled substance offense. The Court cannot disregard that plea without significantly more compelling evidence than the uncorroborated statements of Movant and his close acquaintances. Thus, the actual-innocence exception suggested in *Lackawanna*, and the actual-innocence exception to the statute of limitations, do not apply.

7

**III.**

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court (ECF No.1) will be denied because it is meritless and/or barred by the statute of limitations. The motion to supplement (ECF No. 14) will be granted; the Court has considered the evidence and arguments presented in that motion in its decision. In addition, Movant's motion for appointment of counsel (ECF No. 2) will be denied because Movant's claims are plainly meritless or barred by the statute of limitations. Finally, a certificate of appealability will be denied because reasonable jurists would not conclude that this Court's decision to deny relief under § 2255 is "debatable or incorrect." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

An order and judgment will enter consistent with this Opinion.

Date: August 15, 2017     /s/ Paul L. Maloney
                          Paul L. Maloney
                          UNITED STATES DISTRICT JUDGE